IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00032-CV

 

In re
Letha Williamson

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion










 

          Letha Williamson, the wife of a
prisoner, requests this Court to mandamus the Limestone County Sheriff to
furnish copies of arrest or offense reports to her which were apparently
forwarded to the Court of Criminal Appeals.  Williamson also filed a motion for
leave to file her petition for writ of mandamus and a motion to proceed “in
forma pauperis.”  This is her second petition for writ of mandamus on the same
subject.

          Absent a specific exemption, the Clerk
of the Court must collect filing fees at the time a document is presented for
filing.  Tex. R. App. P. 12.1(b);
Appendix to Tex. R. App. P.,
Order Regarding Fees (July 21, 1998).  See also Tex. R. App. P. 5; 10th
Tex. App. (Waco) Loc. R. 5; Tex.
Gov’t Code Ann. § 51.207(b) (Vernon 2005).  Under these circumstances,
we suspend the rule and order the Clerk to write off all unpaid filing fees in
this case.  Tex. R. App. P. 2.  

          For the reasons expressed in our prior
opinion, the petition for writ of mandamus is dismissed for want of
jurisdiction.  See In re Williamson, No. 10-06-00397-CV, 2006
Tex. App. LEXIS 10989 (Tex. App.—Waco Dec. 20, 2006, orig. proceeding). 
Williamson’s motion for leave to file her petition is dismissed as moot. 
Likewise, the motion to proceed without the advance payment of cost is
dismissed as moot.

 

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Pet.
dismissed

Motions
dismissed

Opinion
delivered and filed February 14, 2007

[OT06]






otype";
color:black'>[1]

Also on December 14, the State filed with the Court of Criminal
Appeals a “Motion for Leave to File Motion to Stay the Premature Issuance of
Mandate by the Tenth Court of Appeals” and a “Motion to Stay the Premature
Issuance of Mandate by the Tenth Court of Appeals.”[2]

            In a December 14 letter
order issued at approximately 5:10 p.m., we granted Abbott’s Motion to Issue Mandate Immediately, as follows:

The Court grants Appellant’s “motion to issue mandate
immediately.”  The State appears to assert that issuing the mandate will
preclude its right to file a petition for discretionary review.  We disagree. 
In our December 12, 2007 opinion and judgment, we instructed the trial court to
immediately release Appellant from jail, and apparently the trial court has not
done so.  Accordingly, the Clerk shall issue the mandate forthwith.[3]

 

The Clerk of this Court also issued the
mandate, and both it and the above letter order were prepared for delivery to
the parties and the trial court.  However, a deputy clerk of the Court of
Criminal Appeals telephoned us around 5:15 p.m. to inform us that the Court of
Criminal Appeals was considering the State’s motion for stay and asked us to refrain
from issuing our mandate.  To comply with the spirit of that request, we did
not transmit the order or the mandate, previously issued, to the trial court or
the parties.  Around 6:15 p.m., the Court of Criminal Appeals clerk telephoned
again to tell us that the Court was granting the State’s motion to stay.  At
7:01 p.m. on December 14 (a Friday), we received by telefax the Court of
Criminal Appeals’ per curiam order, which states in whole:

            The State’s Motion for
Leave to File and Motion to Stay the Premature Issuance of the
Mandate by the Tenth Court of Appeals are Granted.  The Court of Appeals for
the Tenth Judicial District is ordered to withhold issuance of the mandate
pending further action by this Court.

 

Abbott v. State, No.
PD-1816-07 (Tex. Crim. App. Dec. 14, 2007) (order) (per curiam).[4]

            As a result of this order, we now withdraw our issued
but undelivered December 14 letter order granting Abbott’s motion and we recall
our issued but undelivered December 14 mandate.

PER CURIAM

 

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

            (Dissent to Order by Chief
Justice Gray)

Order
issued and filed December 19, 2007

Publish









[1]  The State asserted that issuing our
mandate would preclude it from filing a petition for discretionary review. 
Because Rule 18.1(c) allows for the early issuance of the mandate, it is
difficult to reconcile how early issuance could preclude a party from filing a
petition for discretionary review.

 





[2]  Abbott received ten years’ community
supervision, but the trial court ordered him to serve 180 days in county jail
as a condition of community supervision.  In its motion to stay, the State
asserted that issuance of the mandate would prevent it from filing a petition for
discretionary review (without citing any authority) and that the State would
suffer “irreparable harm by the release of Appellant from jail” (without
explaining the alleged irreparable harm).  We note the obvious:  if our
decision is reversed on the State’s petition for discretionary review, our
mandate can be recalled and Abbott can be ordered to complete his 180-day
incarceration.  However, if our decision stands but Abbott has already
erroneously served the 180 days (he has already served two-thirds of it), it is
Abbott who will have been irreparably harmed.  Also, whether Abbott is released
from jail now or in two months, he will still be under community supervision.





[3]  Chief Justice Gray dissented to this
ruling.





[4]  Rule of Appellate Procedure 67.2 requires
a signed order by a judge of the Court of Criminal Appeals to stay a court of
appeals mandate.  See Tex. R.
App. P. 67.2 (“The order [staying the court of appeals’ mandate] must be
signed by a judge of the Court of Criminal Appeals.”).  It is debatable whether
the order in this case to us to withhold issuance of the mandate comes
precisely within the purview of Rule 67.2, but the effect of the per curiam
order is the same.